

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

HOME BUYERS CONSULTING NETWORK,
INC., also doing business as HOME BUYERS
NETWORK, GOOD CREDIT COMPANY,
GOODCREDIT.COM, and
0DOWNHOMEBUYERS.COM, a North
Carolina corporation, and

DOUGLAS ANDERSEN MOORE, also known
as DOUGLAS A. MOORE, individually and as
an officer of Home Buyers Consulting Network,
Inc.,

    Defendants.

**Case No. 08 Civ. 4502 (MGC)**

~~[Proposed]~~ **STIPULATED FINAL**
**JUDGMENT AND ORDER FOR**
**PERMANENT INJUNCTION,**
**CIVIL PENALTIES, CONSUMER**
**RESTITUTION, AND OTHER**
**EQUITABLE RELIEF AGAINST**
**ALL DEFENDANTS**

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or "Commission"), has commenced

this action by filing the Complaint herein. Defendants Home Buyers Consulting Network, Inc.,

d/b/a Home Buyers Network, Good Credit Company, Goodcredit.com and

0downhomebuyers.com ("Home Buyers Consulting Network, Inc."), and Douglas Andersen

Moore, a/k/a Douglas A. Moore ("Douglas Andersen Moore"), individually and as an officer of

Home Buyers Consulting Network, Inc., (collectively "the Defendants") have waived service of

the Summons and the Complaint. Plaintiff and Defendants Home Buyers Consulting Network,

Inc. and Douglas Andersen Moore, represented by the attorneys whose names appear hereafter,

have agreed to settlement of this action without adjudication of any issue of fact or law, and without the Defendants admitting liability for any of the violations alleged in the Complaint.

**NOW, THEREFORE**, on the joint motion of the parties, **IT IS HEREBY ORDERED, ADJUDGE D AND DECREED** as follows:

## FINDINGS

1.    This Court has jurisdiction of the subject matter of this case and the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45 and 1679h(b)(2).

2.    Venue in the United States District Court for the Southern District of New York is proper under 28 U.S.C. §§ 1391 and 1395(a), and 15 U.S.C. § 53(b).

3.    The Complaint states a claim upon which relief may be granted against Defendants, under Sections 5(a), 5(m)(1)(A), 13(b), 16(a) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 57b, and under Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b).

4.    Defendants' activities, as alleged in the Complaint, are or were in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.    Defendant Home Buyers Consulting Network, Inc.'s activities, as alleged in the Complaint, bring it within the definition of "credit repair organization" as defined in 15 U.S.C. § 1679a(3), in that, *inter alia*, it used instrumentalities of interstate commerce or the mails to sell, provide or perform (or represent that it can sell, provide or perform) the services covered by the CROA.

6.    Entry of this Stipulated Final Judgment and Order for Permanent Injunction

("Order") is in the public interest.

7.  Defendants enter into this Order freely and without coercion.  Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by such terms.

8.  Defendants have waived all rights to appeal or otherwise challenge or contest the validity of this Order.

9.  Defendants have agreed that this Order does not entitle them to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendants further waive any right to attorneys' fees that may arise under said provision of law.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.  **"Asset"** means any legal or equitable interest in, or right or claim to, any real and personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "checks," "notes," (as those terms are defined in the Uniform Commercial Code), and all chattel, leaseholds, contracts, mail or other deliveries, inventory, receivables, shares of stock, lists of consumer names, accounts, credits, premises, funds, and all cash, wherever located.

2.  **"Credit repair organization"** shall have the meaning ascribed to that term in the CROA Section 403(3), 15 U.S.C. § 1679a(3), as presently enacted or as it may hereinafter be amended.

3.  **"Credit repair service"** or **"credit repair services"** means any service, in return

for the payment of money or other valuable consideration, for the express or

implied purpose of: (a) improving any consumer's credit record, credit history, or

credit rating; or (b) providing advice or assistance to any consumer with regard to

any activity or service the purpose of which is to improve a consumer's credit

record, credit history, or credit rating.

4. **"Customer"** means any person who has paid, or may be required to pay, for

goods or services offered for sale or sold by the Defendants.

5. **"Defendant"** or **"Defendants"** means Home Buyers Consulting Network, Inc.,

d/b/a Home Buyers Network, Good Credit Company, Goodcredit.com and

0downhomebuyers.com, and Douglas Andersen Moore, a/k/a Douglas A. Moore,

individually and as an officer of Home Buyers Consulting Network, Inc.

6. **"Document"** or **"documents"** means writings, drawings, graphs, charts,

photographs, audio and video recordings, images, computer records, and other

data or data compilations from which information can be obtained and translated,

if necessary, through detection devices into reasonably usable form. A draft or

non-identical copy is a separate document within the meaning of the term.

7. **"Material"** means likely to affect a person's choice of, or conduct regarding,

goods or services.

8. **"Person"** or **"persons"** means any individual, group, unincorporated association,

limited or general partnership, corporation, limited liability company, or other

business entity.

## ORDER

### I.

## PROHIBITED CREDIT REPAIR ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, their officers, agents, directors, servants, employees, salespersons, independent contractors, subsidiaries, affiliates, successors and assigns, and all persons or entities directly or indirectly under their control or under common control with them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any credit repair services, are hereby permanently restrained and enjoined from violating any provision of the CROA, 15 U.S.C. §§ 1679 *et seq.*, as presently enacted, or as it may hereinafter be amended, including, but not limited to:

A.    Violating Section 404(b), 15 U.S.C. § 1679b(b), by charging or receiving any money or other valuable consideration for the performance of any service that Defendants have agreed to perform for consumers before such services are fully performed;

B.    Violating Section 404(a)(3), 15 U.S.C. § 1679b(a)(3), by making or using any untrue or misleading statements to induce consumers to purchase credit repair services, including, but not limited to, the representation that Defendants are able to obtain the permanent removal of negative information from consumers' credit reports, including bankruptcies, even where such information is accurate and not obsolete;

C.      Violating Section 405(a), 15 U.S.C. § 1679c(a), by failing to provide a written statement of consumer credit file rights under state and federal law, in the form and manner required by the CROA, to each consumer before any contract or agreement between the consumer and Defendants is executed;

D.      Violating Section 406(b)(4), 15 U.S.C. § 1679d(b)(4), by failing to include on their consumer contracts or agreements conspicuous statements regarding the consumer's right to cancel the contract without penalty or obligation at any time before the third business day after the date on which the consumer signed the contract or agreement; and

E.      Violating Section 407(b), 15 U.S.C. § 1679e(b), by failing to provide customers with a form which has the heading "Notice of Cancellation" and contains, in bold face type, the statutorily required language about a three-day right to cancel, and which can be used by customers to elect to cancel the contract.

**IT IS FURTHER ORDERED** that Defendants, whether directly or indirectly, or through any corporation, business entity, or person under their control, are hereby permanently restrained and enjoined from assisting others who violate any provision of the CROA, including, but not limited to, the specific violations contained in Paragraphs A through E of this Section.

## II.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, directors, servants, employees, salespersons, independent contractors, subsidiaries, affiliates, successors and assigns, and all persons or entities directly or indirectly under their control or under common control with them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or

through any business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any good or service, including, but not limited to, credit repair services, are hereby permanently restrained and enjoined from:

A.      Representing, either orally or in writing, expressly or by implication, that Defendants are able to obtain the permanent removal of negative information from consumers' credit reports, including bankruptcies, even where such information is accurate and not obsolete.

B.      Misrepresenting, either orally or in writing, expressly or by implication, any fact material to a consumer's decision to purchase any credit repair services from Defendants;

C.      Misrepresenting, either orally or in writing, expressly or by implication, any material fact regarding any item, product, good, or service sold or offered for sale by Defendants; and

D.      Assisting others who violate any provision of Paragraphs A through C of this Section.

### III.

### MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.      Defendants, and their successors and assigns, shall pay to the Plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of FIVE HUNDRED AND SEVENTY-THREE THOUSAND DOLLARS ($573,000). *Provided, however,* that all of this amount shall be **suspended** subject to the conditions set forth in Section IV of this Order;

B.       Judgment is hereby entered against Defendants, and their successors and assigns, in the amount of FORTY THOUSAND DOLLARS (\$ 40,000) for equitable monetary relief, including but not limited to, consumer restitution and/or disgorgement. (This judgment is separate from and in addition to the civil penalty ordered in Section III, Paragraph A of this Order.) *Provided, however,* that all but TEN THOUSAND DOLLARS (\$10,000) of this judgment shall be **suspended** subject to the conditions set forth in Section IV of this Order;

C.       Defendants shall make the payment required by Paragraph B of this Section (the "Payment"), for which they are jointly and severally liable, as follows: prior to or concurrently with their execution of this Order, Defendants shall transfer the first installment of the Payment, in the amount of FIVE THOUSAND DOLLARS (\$5,000), to their attorney, William I. Rothbard, Esq., who shall hold the entire sum for no purpose other than payment to the Commission after entry of this Order by the Court. Within two (2) days of receipt of notice of the entry of this Order, the Defendants' attorney shall transfer to the Commission the first installment of the Payment, totaling FIVE THOUSAND DOLLARS (\$5,000), in the form of a wire transfer or certified or cashier's check made payable to the Commission, or such agent as the Commission may direct. Within thirty (30) days of receipt of notice of entry of this Order by the Defendants' attorney, the Defendants shall transfer FIVE THOUSAND DOLLARS (\$5,000), as the second and final installment of the Payment, to their attorney, who shall hold the entire sum for no purpose other than payment to the Commission. Within two (2) days of receipt of the second and final installment of the Payment, the Defendants' attorney shall transfer to the Commission the funds totaling FIVE THOUSAND DOLLARS (\$5,000), in the form of a wire transfer or certified or cashier's check made payable to the Commission, or such agent as the

Commission may direct. The checks or written confirmations of the wire transfers shall be delivered to: Director, Northeast Region, Federal Trade Commission, 1 Bowling Green, Suite 318, New York, NY 10004, or to a bank account identified by counsel for the Commission. The cover letters accompanying the checks or written confirmation of wire transfers shall include the title of this litigation.

D.    Upon receipt of both of the installments of the Payment by Defendants' attorney as provided in Paragraph C of this Section, the remainder of the judgment shall be suspended subject to the conditions set forth in Section IV;

E.    In the event of any default in payment, which default continues for fifteen (15) days beyond the due date of payment, the full judgment amounts ordered in Section III, Paragraphs A and B of this Order, less any amounts already paid pursuant to said Paragraphs, and interest, as computed pursuant to 28 U.S.C. § 1961 accrued from the date of default to the date of payment, shall immediately become due and payable;

F.    In the event that direct restitution to consumers is wholly or partially impracticable, or funds remain after complete restitution has been made, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall not have the right to challenge the Commission's choice of remedies or the manner of distribution under this Section. The Commission, in its sole discretion, may use a designated agent ("Administrator") to administer consumer restitution.   .

G.    The portion of the judgment amount set forth in Paragraph A of this Section

represents a civil penalty owed to the United States Government, and is not compensation for actual pecuniary loss. Defendants expressly waive their rights to litigate the issue of monetary relief as set forth in Paragraphs A and B of this Section, including the civil penalty and equitable relief amounts. Defendants acknowledge and agree that all money paid pursuant to this Order is irrevocably paid to Plaintiff for purposes of settlement;

H.     Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent litigation filed by or on behalf of Plaintiff or the Commission to collect any unpaid amount or otherwise enforce its rights pursuant to this Section, including a nondischargeability complaint filed in any bankruptcy case;

I.     Defendant Douglas Andersen Moore agrees, if he has not done so already, to provide Plaintiff and the Commission with clear, legible and full-size photocopies of all valid driver's licenses he possesses, which will be used solely for collection, reporting, and compliance purposes; and

J.     In accordance with 31 U.S.C. § 7701, Defendants are hereby required to furnish to Plaintiff and the Commission their respective taxpayer identifying numbers (Social Security numbers or employer identification numbers), and these numbers may be used for purposes of collecting and reporting on any delinquent amount arising out of such Defendant's relationship with the government.

## IV.

## ACCURACY OF FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that by agreeing to this Order, the Defendants reaffirm and attest to the truthfulness, accuracy, and completeness of the sworn financial statement

executed by Defendant Home Buyers Consulting Network, Inc. on October 15, 2007, with attachments; the sworn revised financial statement executed by Defendant Douglas Andersen Moore on December 4, 2007, with attachments; the federal income tax returns, sales information, bank statements, loan documentation, real estate documentation, credit card statements and other financial statements, along with their attachments and written explanations, produced by Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore on December 10, 20, 21, and 24, 2007 and January 4 and 9, 2008 (collectively, the "Financial Statements"). Plaintiff's agreement to this Order, which requires payment of less than the full amounts of the civil penalty and restitution, is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' financial condition, as represented in the Financial Statements provided by Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore, which contain material information upon which Plaintiff and the Commission relied in negotiating and agreeing to the terms of this Order.

If, upon motion by Plaintiff, this Court finds that one or more Defendants failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Financial Statements, the suspended judgment amounts entered against Defendants in Section III, Paragraphs A and B of this Order (the amounts of FIVE HUNDRED AND SEVENTY-THREE THOUSAND DOLLARS ($573,000) and FORTY THOUSAND DOLLARS ($40,000), respectively) shall become immediately due and payable to the Plaintiff, less any payments already made. Upon entry of a judgment against Defendants by the Court, Defendants further agree to authorize any third party, including, but not limited to, individuals, banks, savings and loan institutions, pension funds, escrow agents, title companies, brokerage firms, commodity trading companies, business

entities, or other financial institutions of any kind, in possession of any assets or funds belonging

to or owed to Defendants, to transfer the assets or funds to the Plaintiff in full or partial

satisfaction of the judgment. Said funds shall be transferred to the Plaintiff by a wire transfer or

certified or cashier's check made payable to the Treasurer of the United States. The check or

written confirmation of the wire transfer shall be delivered to: Director, Office of Consumer

Litigation, U.S. Department of Justice Civil Division, P.O. Box 386, Washington, DC 20044.

The cover letter accompanying the check shall include the title of this litigation and a reference

to DJ# 102-3456.

   *Provided, however,* that in all other respects this Order shall remain in full force and

effect unless otherwise ordered by the Court; and *provided further*, that proceedings initiated

under this Section are in addition to, and not in lieu of, any other civil or criminal penalties as

may be provided by law, including any other proceedings the Plaintiff may initiate to enforce

this Order. For purposes of this Section, Defendants waive any right to contest any of the

allegations in the Complaint.

## V.

## SUSPENSION ON COLLECTION OF ACCOUNTS

   **IT IS FURTHER ORDERED** that Defendants, their successors and assigns, and their

officers, agents, servants, employees, salespersons, independent contractors, and all persons or

entities directly or indirectly under their control or under common control with them, and all

other persons or entities in active concert or participation with any of them who receive actual

notice of this Order by personal service or otherwise, whether acting directly or through any

trust, corporation, subsidiary, division, or other device, or any of them, are permanently

restrained and enjoined from attempting to collect, collecting, or assigning any right to collect

payment for any credit repair services from any customer of Defendants regarding accounts

obtained by Defendants prior to entry of this Order.

VI.

**PROHIBITION ON DISCLOSING CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Defendants, their successors and assigns, and their

officers, agents, servants, employees, salespersons, independent contractors, and all persons or

entities directly or indirectly under their control or under common control with them, and all

other persons or entities in active concert or participation with any of them who receive actual

notice of this Order by personal service or otherwise, whether acting directly or through any

trust, corporation, subsidiary, division, or other device, or any of them, are permanently

restrained and enjoined from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address,

telephone number, Social Security number, credit card number, bank account number, date of

birth, email address, or other identifying information of any person who purchased or paid for

credit repair services, at any time prior to entry of this Order; and

B.    Benefitting from or using the name, address, telephone number, Social Security

number, credit card number, bank account number, date of birth, email address, or other

identifying or financial information of any credit repair customer who submitted this information

to Defendants as a result of, or otherwise related to, the activities alleged in the Complaint.

*Provided, however,* that Defendants may disclose such identifying information to a law

13 of 24

enforcement agency or as required by any law, regulation, or court order.

## VII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.    Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendants' possession or direct or indirect control to inspect the business operation;

B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

        1.    obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

        2.    posing as consumers and suppliers to: Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore,  Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore's employees, or any other entity managed or controlled in whole or in part by Defendants Home Buyers Consulting Network, Inc. or Douglas Andersen Moore, without the necessity of identification or prior notice; and

C.    Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen

Moore shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII.

### COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

    A.    For a period of four (4) years from the date of entry of this Order,

        1.    Defendant Douglas Andersen Moore shall notify the Commission of the following:

            a.    any changes in residence, mailing addresses, and telephone numbers within ten (10) days of the date of such change;

            b.    any changes in employment status (including self-employment), and any change in the ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant Douglas Andersen Moore is affiliated with, employed by, creates or forms,

or performs services for; a statement of the nature of the business; and a statement of Defendant Douglas Andersen Moore's duties and responsibilities in connection with the business or employment; and

c.     any changes in Defendant Douglas Andersen Moore's name or use of any aliases or fictitious names; and

2.     Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore shall notify the Commission of any changes in corporate structure of any business entity that Defendant Douglas Andersen Moore directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendants Home Buyers Consulting Network, Inc. or Douglas Andersen Moore learns less than thirty (30) days prior to the date such action is to take place, Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order, Defendants

Home Buyers Consulting Network, Inc. and Douglas Andersen Moore each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

    1.    For Defendant Douglas Andersen Moore:

        a.    his then-current residence address, mailing addresses, and telephone numbers;

        b.    his then-current employment and business addresses and telephone numbers, a description of the business activities of each such employer or business, and his title and responsibilities, for each such employer or business; and

        c.    any other changes required to be reported under Paragraph A of this Section.

    2.    For Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore:

        a.    A copy of each acknowledgment of receipt of this Order, obtained pursuant to Section X of this Order;

        b.    A list of all names under which Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore did or currently do business under since entry of this Order; and

        c.    Any other changes required to be reported under Paragraph A of this Section.

  C.    For the purposes of this Order, Defendants Home Buyers Consulting Network,

Inc. and Douglas Andersen Moore shall, unless otherwise directed by the

Commission's authorized representatives, mail all written notifications to the

Commission to:

>Associate Director for Enforcement
>Federal Trade Commission
>600 Pennsylvania Avenue, N.W.
>Washington, DC 20580
>Re: **United States  v. Home Buyers Consulting Network, Inc. et al.**,
>Civil Action No. 08 Civ. 4502 (S.D.N.Y.)

D.    For purposes of the compliance reporting and monitoring required by this Order,

the Commission is authorized to communicate directly with Defendants Home

Buyers Consulting Network, Inc. and Douglas Andersen Moore.

## IX.

## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of seven (7) years from the date of entry

of this Order, Defendants and their agents, employees, officers, corporations, successors, and

assigns, and those persons in active concert or participation with them who receive actual notice

of this Order by personal service or otherwise, in connection with any business where any

Defendant is the majority owner of the business or directly or indirectly manages or controls the

business, are hereby restrained and enjoined from failing to create and retain the following

records:

A.    Accounting records that reflect the cost of goods or services sold, revenues

generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting: the name, address, and telephone number

of each person employed in any capacity by such business, including as an

independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests; and

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials, etc.; and

F.     All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Section X, and all reports submitted to the FTC pursuant to Section VIII.

## X.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of four (4) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.    **Defendant Home Buyers Consulting Network, Inc.:** Home Buyers Consulting Network, Inc. must deliver a copy of this Order to all of its principals, officers, directors, and managers. Home Buyers Consulting Network, Inc. also must deliver copies of this Order to all

of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.    **Defendant Douglas Andersen Moore as Control Person:** For any business that Douglas Andersen Moore controls, directly or indirectly, or in which Douglas Andersen Moore has a majority ownership interest, Douglas Andersen Moore must deliver a copy of this Order to all principals, officers, shareholders, directors, and managers of that business. Douglas Andersen Moore must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.    **Douglas Andersen Moore as Employee or Non-control Person:** For any business where Douglas Andersen Moore is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Douglas Andersen Moore must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.    Home Buyers Consulting Network, Inc. and Douglas Andersen Moore must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XI.

### **ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS**

**IT IS FURTHER ORDERED** that Defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XII.

### **FEES AND COSTS**

**IT IS FURTHER ORDERED** that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## XIII.

### **SEVERABILITY**

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## XIV.

### **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

## XV.

## <u>COMPLETE SETTLEMENT</u>

Plaintiff and the Defendants, by their respective counsel, hereby consent to entry of the foregoing Order which shall constitute a final judgment and order in this matter as to the Defendants. Plaintiff and the Defendants further stipulate and agree that the entry of the foregoing Order shall constitute a full, complete and final settlement of this action as to the Defendants.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and the Clerk of the Court shall immediately enter this Order as a final order.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Defendants Home Buyers Consulting Network, Inc. and Douglas Andersen Moore, jointly and severally, pursuant to all the terms and conditions recited above.

//

//

//

//

//

//

//

//

**FOR THE PLAINTIFF:**
**FOR THE UNITED STATES OF AMERICA**

GREGORY G. KATSAS
Acting Assistant Attorney General, Civil Division
U.S. DEPARTMENT OF JUSTICE

MICHAEL J. GARCIA
United States Attorney

PETER SKINNER
peter.skinner@usdoj.gov
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, NY 10007
PHONE: (212) 637-2601
FAX:(212) 637-2730

EUGENE M. THIROLF
Director, Office of Consumer Litigation
KENNETH L. JOST
Deputy Director

KEVIN F. LARSEN, Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-514-0515
FAX: 202-307-8742
kevin.larsen@usdoj.gov

FOR THE FEDERAL TRADE COMMISSION:

_Thomas A. Cohn_

THOMAS A. COHN
Director
Northeast Region

MICHELE STOLLS
NUR-UL-HAQ

Attorneys
Federal Trade Commission
Northeast Region
One Bowling Green, Suite 318
New York, NY 10004

Date: _3/13/08_

FOR DEFENDANTS:

**HOME BUYERS CONSULTING
NETWORK, INC., also doing business as
Home Buyers Consulting Network,
Good Credit Company,
GoodCredit.com,
and 0downhomebuyers.com, and
DOUGLAS ANDERSEN MOORE,
also known as Douglas A. Moore,
individually and as an officer of
Home Buyers Consulting Network, Inc.:**

_Douglas A. Moore_

DOUGLAS ANDERSEN MOORE,
INDIVIDUALLY AND AS AN OFFICER
OF HOME BUYERS CONSULTING
NETWORK, INC.

Date: _2-5-08_

_William I. Rothbard_

WILLIAM I. ROTHBARD
Attorney for Defendants
Home Buyers Consulting Network, Inc. and
Douglas Andersen Moore
Law Offices of William I. Rothbard
1217 Yale Street, Suite 104
Santa Monica, CA 90404

Date: _2/6/08_

SO ORDERED this 29th day of _May_, 2008.

_____
UNITED STATES DISTRICT JUDGE

24 of 24

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:                    (          )

Dear Litigant,

Enclosed is a copy of the judgment entered in your case.

Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006

**United States District Court**
**Southern District of New York**
**Office of the Clerk**
**U.S. Courthouse**
**500 Pearl Street, New York, N.Y. 10007-1213**

--------------------------------------------X
                       |            **NOTICE OF APPEAL**
                       |
       -V-              |
                       |            civ.        (   )
                       |
--------------------------------------------X

Notice is hereby given that _____
                                        (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____ , _____ .
                               (day)               (month)        (year)

                                     _____
                                          (Signature)

                                     _____
                                          (Address)

                                     _____
                                 (City, State and Zip Code)

Date: _____         (   )_____-_____
                                        (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

### United States District Court
### Southern District of New York
#### Office of the Clerk
#### U.S. Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

```
---------------------------------------X
                                       |      MOTION FOR EXTENSION OF TIME
                                       |         TO FILE A NOTICE OF APPEAL
                                       |
        -V-                            |
                                       |          civ.          (    )
                                       |
                                       |
---------------------------------------X
```

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully

(party)

requests leave to file the within notice of appeal out of time. _____

(party)

desires to appeal the judgment in this action entered on _____ but failed to file a

(day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

_____

(Signature)

_____

(Address)

_____

(City, State and Zip Code)

Date: _____    (    ) _____-_____

(Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

FORM 2

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------X
                                          |
                                          |          NOTICE OF APPEAL
                                          |               AND
            -V-                           |     MOTION FOR EXTENSION OF TIME
                                          |
                                          |          civ.            (    )
                                          |
------------------------------------------X
```

1.    Notice is hereby given that _____ hereby appeals to

                                                    (party)

the United States Court of Appeals for the Second Circuit from the judgment entered on _____.

                                    [Give a description of the judgment]

2.    In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in

                (party)

accordance with Fed. R. App. P. 4(a)(5).

        a.    In support of this request, _____ states that

                                                            (party)

this Court's judgment was received on _____ and that this form was mailed to the

                                            (date)

court on _____ .

                (date)

                                        _____
                                                    (Signature)

                                        _____
                                                    (Address)

                                        _____
                                            (City, State and Zip Code)

Date: _____            (     ) _____-_____
                                                (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the
District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if
the United States or an officer or agency of the United States is a party).

APPEAL FORMS

Docket Support Unit                                      Revised: April 9, 2006

FORM 3

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------X
                                          |
                                          |       AFFIRMATION OF SERVICE
                                          |
          -V-                             |
                                          |       civ.          (    )
                                          |
                                          |
------------------------------------------X
```

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
        New York, New York

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006